UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUBERT AGUILAR, | ) NO. CV 10-09314 JVS (SS) |
| Petitioner, | ) **ORDER ACCEPTING AND MODIFYING** |
| v. | ) **FINDINGS, CONCLUSIONS AND** |
| KATHLEEN ALLISON, Acting Warden, ET AL., | ) **RECOMMENDATIONS OF UNITED STATES** |
| Respondents. | ) **MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge (the "Report"), and Petitioner's Objections. After having made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed, the Court accepts the findings and conclusions of the Magistrate Judge, as modified below.

In the Report, the Magistrate Judge concluded that <u>de novo</u> review applied to Petitioner's sole claim regarding the trial court's refusal to bifurcate the gang enhancement allegations from the substantive

offenses and that Petitioner's claim failed under that standard. (Report at 10-14). As an initial matter, the Court notes that the applicable standard of review does not change the ultimate decision to deny habeas relief because if Petitioner's claim fails under <u>de novo</u> review, it necessarily also fails under the much higher standard of AEDPA deference. <u>See, e.g.</u>, <u>Berghuis v. Thompkins</u>, \_\_ U.S. \_\_, 130 S. Ct. 2250, 2265, 176 L. Ed. 2d 1098 (2010) ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in <u>de novo</u> review when it is unclear whether AEDPA deference applies, because a habeas petition will not be entitled to a writ of habeas corpus if his or her claim is rejected on <u>de novo</u> review . . . ."). Moreover, Petitioner's Objections do not challenge the applicable standard of review. (Objections at 1-4). However, the Court has independently considered this issue and concludes that Petitioner's claim should have received AEDPA deference.

Petitioner's claim should have received AEDPA deference because the California Court of Appeal, by relying on a nearly identical state law standard, necessarily adjudicated the federal nature of the claim. In the Report, the Magistrate Judge concluded that the court of appeal failed to address the federal nature of the claim because the state court cited only California case law. (Report at 10); (<u>see also</u> Lodgment 5 at 5-6). However, the Court concludes that even though the state court did not cite any federal law, it necessarily adjudicated the federal nature of Petitioner's claim because the applicable state-law standard imposes the same limit on trial court discretion as the applicable legal standard under the federal Constitution. See <u>Williams v. Cavazos</u>, 646 F.3d 626, 640 (9th Cir. 2011) ("Even then, the Court of Appeal's decision might be entitled to deference if adjudicating the

section 1089 claim necessarily entailed adjudicating the Sixth Amendment claim. That would be the case if, for example, California had ever defined the limit of 'discretion' to discharge a juror to be at, or short of, the Sixth Amendment boundary. Were that so, a Court of Appeal finding that the trial court had not abused its discretion under section 1089 might implicitly be a determination that the Sixth Amendment had not been violated, and we might be required to consider that Williams's Sixth Amendment claim had been adjudicated on the merits.").

The California Court of Appeal cited People v. Hernandez, 33 Cal. 4th 1040, 16 Cal. Rptr. 3d 880 (2004), for the applicable legal standard governing the bifurcation of gang enhancement allegations. (Lodgment 5 at 5). Pursuant to Hernandez, trial courts have discretion to deny bifurcation, but must consider the potential for undue prejudice from inflammatory evidence admitted to prove the gang enhancement which has little or no relevance to the substantive offenses. Hernandez, 33 Cal. 4th at 1048-50. "To the extent the evidence supporting the gang enhancement would be admissible at a trial of guilt, any inference of prejudice would be dispelled, and bifurcation would not be necessary." Id. at 1049-50. Applying the standard from Hernandez, the California Court of Appeal concluded that "the trial court acted well within the bounds of discretion in refusing the request to bifurcate trial of the gang enhancements." (Lodgment 5 at 6). Specifically, the court of appeal reasoned that the gang enhancement evidence was relevant to the substantive offenses because it showed motive and intent. (Id.). Additionally, the court of appeal explained that the gang enhancement evidence was not unduly prejudicial because "Garcia's testimony about

3

gangs was nothing but common sense and squared with a lay person's general understanding of gang behavior." (Id.).

Under the federal Constitution, a trial court's refusal to bifurcate a gang enhancement allegation violates due process only where the decision renders the trial fundamentally unfair. See Featherstone v. Estelle, 948 F.2d 1497, 1503 (9th Cir. 1991) ("The simultaneous trial of more than one offense must actually render petitioner's state trial fundamentally unfair and hence, violative of due process before relief pursuant to 28 U.S.C. § 2254 would be appropriate.") (citation omitted); see also Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000) (citing Featherstone). To determine whether the decision not to bifurcate renders a trial fundamentally unfair, federal habeas courts consider whether gang enhancement evidence would be otherwise inadmissible to prove the substantive offenses. See Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004) ("In evaluating prejudice, the [federal habeas court] focuses particularly on cross-admissibility of evidence and the danger of 'spillover' from one charge to another, especially where one charge or set of charges is weaker than another.") (citation omitted).

Because the California Court of Appeal concluded that the gang enhancement evidence was relevant to the substantive offenses, (Lodgment 5 at 6), it necessarily also determined that the trial court's refusal to bifurcate did not permit the introduction of otherwise inadmissible evidence and therefore did not violate due process. See Davis, 384 F.3d at 639 (holding that trial court's refusal to bifurcate did not violate due process because the challenged evidence "was not only cross-admissible, but distinct and straightforward"). Similarly, because the

4

California Court of Appeal concluded that the gang enhancement evidence was "nothing but common sense and squared with a lay person's general understanding of gang behavior," (Lodgment 5 at 6), it necessarily also determined that the trial court's refusal to bifurcate did not permit inflammatory evidence to taint the substantive offenses and therefore did not violate due process. See Davis, 384 F.3d at 639; Park, 202 F.3d at 1150 ("In order to demonstrate actual unfairness, . . . [the petitioner] must show that the jury was actually inflamed.") (citation omitted).

Thus, the Court concludes that state court's adjudication of Petitioner's claim necessarily adjudicated the federal nature of the claim because the applicable state-law standard imposed the same limit on trial court discretion the standard under the federal Constitution. See Williams, 646 F.3d at 640; see also Baker v. Blaine, 221 F.3d 1108, 1112 (9th Cir. 2000) (holding that AEDPA deference applied to state court decisions even though they did not cite to federal law because they cited "cases which themselves rested on Supreme Court precedent, and the state court holdings were consistent with the reasoning of the cited cases"). Accordingly, AEDPA deference applies. As set forth above, the application of AEDPA deference does not change the ultimate decision to deny habeas relief because the Report found that Petitioner's claim would have failed even under the more lenient de novo standard.

\\
\\
\\
\\

5

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioner and Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 22, 2011

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE